# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2011

No. 11-50162
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ABELARDO AMAYA-PORTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1002-1

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Abelardo Amaya-Portillo (Amaya) appeals his sentence following his guilty plea conviction for illegal reentry into the United States. Amaya was sentenced to 24 months of imprisonment, which constituted an upward variance from his advisory guidelines range of 8 to 14 months of imprisonment, and three years of supervised release. He contends that his sentence is greater than necessary to satisfy the requirements of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court found that the Guidelines "do not adequately account for all of the criminal convictions that in this defendant's background." The court noted six adult convictions that did not score any criminal history points, and the court found that the history and characteristics of the defendant, the need to promote respect for the law, and the need to protect the public were not adequately served by the advisory guideline range. In overruling Amaya's objection to the sentence, the court also noted Amaya's prior 18-month sentence for a prior illegal reentry conviction and indicated that a higher sentence was necessary in order to afford adequate deterrence to criminal conduct. Thus, the district court made an individual assessment and concluded that the advisory guidelines range gave insufficient weight to some of the sentencing factors. *See United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). Amaya's above-guidelines sentence was reasonable in light of "the totality of the circumstances," and we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Amaya characterizes his criminal history as relatively minor, but his criminal history includes numerous convictions and arrests for serious offenses and supports the district court's upward variance. *See United States v. Herrera-Garduno*, 519 F.3d 526, 531 (5th Cir. 2008). He complains that § 2L1.2 increases a defendant's offense level based on criminal history, which Chapter 4 of the Guidelines also take into account. Only one of Amaya's prior sentences scored criminal history points under Chapter 4. In any case, we have rejected the contention that the use of a prior conviction both to increase the offense level and to calculate the criminal history category is impermissible. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the argument that a sentence is excessive because illegal reentry is a trespassing crime. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

AFFIRMED.